**Thomas W. KLEIN, Jr., Appellant,**

v.

**John K. DOLL, Appellee.**

**No. 89–CA–1395–MR.**

Court of Appeals of Kentucky.

Aug. 25, 1989.

Case Ordered Published by Court of Appeals Oct. 6, 1989.

Discretionary Review Denied by Supreme Court Nov. 1, 1989.

Thomas W. Klein, Jr., Louisville, pro se.

Charles H. Zimmerman, Jr., Greenebaum, Boone, Treitz, Maggiolo, Reisz & Brown, Louisville, for appellee.

Before HOWERTON, C.J., and GUDGEL and LESTER, JJ.

OPINION AND ORDER DENYING MOTION UNDER KRS 118.176(4)

PER CURIAM.

This matter has been brought before the Court by motion in accordance with KRS 118.176(4). The appellant is seeking to have this Court set aside the order of the Jefferson Circuit Court which voided his candidacy for Mayor of the City of Louisville. The circuit court found that Klein was not a qualified candidate for the office of Mayor because, at the time he filed for the office, he had already filed as a candidate for the office of Jefferson County Judge Executive.

The judgment of the circuit court is hereby affirmed.

■ Klein filed proper nomination papers seeking the Republican nomination for the office of Mayor of the City of Louisville at the primary election to be held in May of 1989. At the time Klein filed his papers, he had already filed nomination papers seeking the Republican nomination for the office of Jefferson County Judge Executive.

After the filing deadline for both offices had passed, the Jefferson County Clerk filed a declaratory judgment action to determine which office Klein was entitled to seek. Klein then withdrew from the County Judge Executive's race, and the county

clerk dismissed the declaration of rights action.

Two members of the Republican Party then filed an action under KRS 118.176, challenging Klein's qualifications to seek the office of Mayor because, at the time he filed his nomination papers, he had already filed nomination papers for the office of County Judge Executive. The circuit court eventually found that Klein was not a qualified candidate at the time he filed his nomination papers and voided his candidacy.

KRS 61.080(3) provides: "(3) no person shall, at the same time, fill a county office and a municipal office." Klein could not be, at the same time, Mayor of the City of Louisville and County Judge Executive of Jefferson County.

KRS 118.125(2) provides the form which a candidate must complete and sign to be entitled to seek nomination at a party primary. Among other items, the candidate must assert under oath that the candidate is "honestly seeking the office for which this nomination and declaration is filed, that [he] expect[s] to make a campaign for the nomination...."

Klein was required to make such assertion in filing for nomination for the office of County Judge Executive. To permit Klein (or any other candidate) to then make that same assertion in seeking nomination to an incompatible office raises the specter of candidates filing for numerous offices and then, after the filing deadlines have passed, assessing the competition and choosing that office which they are most likely to win.

Klein could have had his name withdrawn from the County Judge Executive race by filing proper notification with the county clerk under KRS 118.212(2). Had he done so, there would have been no impediment to his filing papers under KRS 118.125, seeking nomination for the office of Mayor. However, Klein did not withdraw from the County Judge Executive's race prior to filing for the nomination for the office of Mayor. In fact, Klein did not withdraw until after the filing deadline had passed and after his act of filing for both offices had been challenged in a legal action by the county clerk.

We hold that once a candidate has filed papers seeking nomination for public office, that candidate cannot then file papers seeking nomination or election to an incompatible office unless the candidate has first withdrawn his nomination in accordance with KRS 118.212.

The Court hereby ORDERS that Thomas W. Klein's motion to set aside the decision of the circuit court be, and it is hereby, DENIED. The decision of the circuit court is affirmed.

All concur.